Michelle Ghidotti, AZ State Bar No. 27180
THE LAW OFFICES OF MICHELLE GHIDOTTI
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
mghidotti@ghidottilaw.com

Attorneys for Movant US Bank Trust N.A., as
Trustee of Bungalow Series F Trust its successors
and assigns

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>SHAWN C. DORMAN and TAWNNA R. DORMAN,<br><br>        Debtors.<br><br>US Bank Trust N.A., as Trustee of Bungalow Series F Trust<br><br>        Movant,<br><br>v.<br><br>SHAWN C. DORMAN and TAWNNA R. DORMAN,<br><br>        Respondents. | Case No: 2:13-bk-11344-BKM<br><br>Chapter 13 Proceedings<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Re: Real Property Located at 18645 W ONYX AVE., WADDELL, AZ 85355 |

US Bank Trust N.A., as Trustee of Bungalow Series F Trust, its successors and assigns, ("**Movant**"), through undersigned counsel, moves this Court for an order granting relief from the automatic stay of 11 U.S.C. § 362 and any other limitations against lien enforcement against the property, rents, issues, and profits of SHAWN C. DORMAN and TAWNNA R. DORMAN (collectively, "**Debtors**"); or, in the alternative, conditioning the sale, or lease of such property, rents, issues, or profits as is necessary to provide Movant

with adequate protection of its secured interest in certain real property. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Statement of Facts:**

1. Movant is the present owner and holder of an Interest Only Period Fixed Rate Note, made executed and delivered by Debtors on February 15, 2007 in the original principal amount of $298,900.00 (the "**Note**"), which is secured by a Deed of Trust recorded in the Office of the Maricopa County Recorder on February 27, 2007, as Document No. 20070235730 (the "**Deed of Trust**"). The Deed of Trust encumbers the real property located at 18645 W ONYX AVE., WADDELL, AZ 85355 (the "**Property**").

2. True and correct copies of the Note, Deed of Trust and Assignment transferring the beneficial interest under the Deed of Trust to Movant are attached hereto **as Exhibit "A," Exhibit "B,"** and **Exhibit "C,"** respectively, and made a part hereof by this reference.

3. Movant is a party with a possessory interest in the Property as evidenced by the Note and Deed of Trust.

4. The Property is the Debtors' principal residence.

5. The Debtors have claimed or may claim an interest in the Property which is junior and subsequent to Movant's interest.

6. This Motion arises under Title 11, U.S.C. in the following described case, which has been referred to and is pending in the United States Bankruptcy Court for the District of Arizona:

    DEBTOR: SHAWN C. DORMAN and TAWNNA R. DORMAN

    CASE NUMBER: 2:13-bk-11344-BKM

    CHAPTER: 13

    FILING DATE: 07/01/2013

7. This Court has jurisdiction pursuant to 28 U.S.C. §1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

Motion for Relief from the Automatic Stay     2:13-bk-11344-BKM
Case 2:13-bk-11344-BKM    Doc 157    Filed 05/30/18    Entered 05/30/18 15:57:10    Desc
Main Document     Page 2 of 6

8. The Debtor is in default for failure to make nine (9) monthly post-petition payments to Movant for the months of September 1, 2017 through February, 2018 in the amount of $1,525.91 per month and for the months of March 1, 2018 through May 1, 2018 in the amount of $1,644.55.

9. Pursuant to the confirmed Chapter 13 Plan (the "**Plan**") which was confirmed by this Court, the Debtors agreed to tender post-petition monthly mortgage payments directly to Movant or Movant's predecessors in interest.

10. The total monetary default is no less than $15,051.47.

11. The unpaid principal balance owed to Movant is no less than $310,255.71.

12. The total owed to Movant totals no less than $321,368.82.

13. Pursuant to Debtors' Schedule A, the value of the Property is $200,000.00.

14. Movant has incurred or may incur certain costs including, without limitation, foreclosure title searches, attorneys' fees, trustee's fees, taxes, insurance premiums, court costs, costs of sale, and other costs, all of which are secured by the Note and Deed of Trust.

15. The secured interest of Movant in the Property has not been adequately protected, nor has ING been offered adequate protection by Debtor.

**Discussion:**

Bankruptcy Code § 362(d) provides for a relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization of the debtor.

The party seeking relief from the stay has the burden of proof only on the issue of the debtor's equity in the collateral; any party opposing the requested relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Therefore, unless a party opposing relief produces evidence on these issues, ING is entitled to relief without presenting any evidence whatsoever. See, In re L.H. & A. Realty Co., Inc., 57 B.R. 265 (Bankr. D. Vt. 1986). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. See, Gauvin v. Wagner (In Re Gauvin) 8 C.B.C. 2d 359, 361, 10 BCD 219, 24 B.R. 578 (9th Cir BAP 1982).

## I. RELIEF FOR CAUSE - Lack of Payments and Adequate Protection

Even where the debtors has equity in the Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in the property is not adequately protected. In re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983).

Any party opposing this Motion has the burden of proof of proving a lack of cause, even when the debtor asserts that the equity in the property furnishes the creditor with adequate protection. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

The creditor's substantiated allegations that it is entitled to relief for cause are sufficient for granting relief if not refuted by the debtor. In re Marta Group, Inc., 33 B.R. 634 (Bankr. E.D. Pa. 1983). If the debtor fails to meet this burden, the moving party is entitled to relief under § 362(d)(1). In re Kim, supra.

In the instant case, the Debtors are in default for failing to make none (9) post-petition monthly installment payments owed to Movant that have fallen due since confirmation of the Debtors' Chapter 13 Plan. The total default is no less than approximately $15,051.47. This default constitutes cause to grant relief from stay under § 362(d)(1).

Additionally, the Debtors have not provided Movant with adequate protection of its interest in the Property. Failure to provide adequate protection is also cause to lift the automatic stay.

## II. AUTOMATIC TERMINATION OF THE STAY AS A MATTER OF LAW/PRELIMINARY HEARING

As noted above, any party opposing relief from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection. The automatic stay is terminated as a matter of law 30 days after this Motion is filed with the Court unless the Court, after notice and a hearing, orders the stay continued in effect pending the outcome of a final hearing on this Motion. 11 U.S.C. § 362(e). See Dublin Properties, 4 C.B.C. 2d at 889.

### III. LOCAL RULE 4001-1(b) RESIDENTIAL PROPERTY PRE-FILING CERTIFICATION

In compliance with Local Rule 4001-1(b), Movant's counsel sent a letter to Debtors' counsel describing the default. The letter, attached hereto as Exhibit "D" was sent more than seven days prior to the filing of this motion. Movant's counsel has not received a response to the letter.

### REQUEST FOR RELIEF

For the foregoing reasons, Movant respectfully requests:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 and §524 be terminated or modified to permit Movant, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce Movant's interest against the Property, including, but not limited to, right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a non-judicial foreclosure or Trustee's Sale; to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law; and to take any action to obtain complete possession of the Property without further order of this Court;

2. In the alternative, that Movant be awarded adequate protection of its interest in the Property, more specifically that the Debtors be ordered to pay all amounts now in arrears under the Deed of Trust; maintain monthly cash payments to Movant equal to the regular monthly payment amount for the continued use and occupancy of the Property and to protect the interests of Movant; and further that Movant shall be granted immediate relief from the automatic stay for any failure by the Debtors to adequately protect Movant's interest in the Property or make the required payments;

3. That this Court's Order herein be binding on the Debtors with respect to any subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by the Debtor which may affect ING'S interest in the Property;

4. That the 14 day say period of Bankruptcy Rule 4001(a)(3) be waived;

///

///

5. That Movant be awarded its reasonable attorney's fees and costs incurred herein; and

6. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 22nd day of May 2018.

                LAW OFFICES OF MICHELLE GHIDOTTI

        BY: /S/ Michelle Ghidotti-Gonsalves
                1920 Old Tustin Ave.
                Santa Ana, CA 92705
                Tel: (949) 427-2010
                Fax: (949) 427-2732
                Attorneys for Movant
                US Bank Trust N.A., as
                Trustee of Bungalow
                Series F Trust